## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAVIER RANGEL, individually, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-00566-JD |
| | ) | |
| PAULAIN MERCIER, an individual; | ) | |
| ONE, LLC, an Ohio Corporation; | ) | |
| BIG BLACK EAGLE, LLC, an Illinois | ) | |
| Corporation; RYDER INTEGRATED | ) | |
| LOGISTICS, INC.; and | ) | |
| JOHN DOE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Javier Rangel's Motion to Remand Pursuant to the *Colorado River* Abstention Doctrine or Alternatively Fed. R. Civ. P. 19 and 28 U.S.C. § 1447(e) ("Motion") [Doc. No. 52]. Defendants Paulain Mercier and One, LLC, filed a joint response in opposition [Doc. No. 61], and Defendant Ryder Integrated Logistics, Inc., filed a motion joining their response in opposition [Doc. No. 62] (the "Responding Defendants"). Mr. Rangel filed a reply [Doc. No. 63]. For the reasons stated below, the Court DENIES the Motion.

## I.    BACKGROUND

This action arises from a multi-vehicle collision on Interstate 40 near MacArthur Boulevard in Oklahoma City on March 18, 2025. Pl.'s 2d Am. Compl. ¶¶ 9, 23–25 [Doc. No. 29]. Mr. Rangel alleges that Mercier, who was driving a tractor-trailer owned by

Ryder,[1] failed to reduce his speed appropriately as traffic slowed and, in the process, struck the rear driver's side of a 2022 Honda Passport. *Id.* ¶ 23. Mercier then allegedly veered right, striking the rear of Mr. Rangel's vehicle, a 2000 Toyota Tacoma, pushing it into a 2000 Chevrolet Silverado, thereby causing that vehicle to roll over. *Id.* ¶ 24. Mr. Rangel's vehicle was then allegedly pushed into the side of another tractor-trailer, which had already come to a controlled stop on the shoulder. *Id.* ¶ 25. Mr. Rangel contends that at the time of the collision he was lawfully stopped in traffic, and that he did not contribute to the collision. *Id.* ¶ 28. He alleges that the collision and his resulting injuries were caused solely by the negligent acts and omissions of Defendants, individually or in combination. *Id.* ¶ 29.

Mr. Rangel originally filed this action in the District Court of Oklahoma County, and Mercier removed the case to federal court based on diversity jurisdiction. *See* [Doc. Nos. 1 and 1-1]. Mr. Rangel asserts that the Court should abstain from exercising jurisdiction in this matter under the *Colorado River* doctrine[2] due to parallel state court proceedings in the District Court of Oklahoma County and asks that the Court remand or dismiss this action.[3] Responding Defendants argue that *Colorado River* abstention is not

---

[1] Mr. Rangel alleges that Ryder leased the tractor-trailer to Big Black Eagle, LLC, who subsequently subleased it to One, LLC, under a secondary lease or operating agreement. *Id.* ¶¶ 11–12.

[2] The *Colorado River* doctrine is based on the Supreme Court decision, *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) and its progeny.

[3] The other state court action Mr. Rangel refers to is *Madison Stanton v. One, LLC, Mercier, Kaycee Wesson, Rangel Javier, Michael Lay, and Big Black Eagle, LLC*, District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2025-5881. *See*

warranted because the two actions are not parallel. Additionally, they argue that Colorado River does not authorize a remand to state court, but only permits a stay of the federal action, and they oppose a stay in this case. Alternatively, Mr. Rangel moves to remand this action under Federal Rule of Civil Procedure 19 and 28 U.S.C. § 1447(e), asserting that Madison Stanton is an indispensable party, her joinder would destroy complete diversity, and because joinder is not feasible, remand is warranted. Responding Defendants contend that Ms. Stanton is not a necessary party under Rule 19, and that Mr. Rangel has neither sought leave to amend his second amended complaint nor attached a proposed third amended complaint specifying the claims he intends to assert against Ms. Stanton or explaining her role in this action.

The Court, having reviewed the Motion, the parties' submissions, and the applicable law, denies the Motion because the state and federal proceedings are not parallel and the relief sought by Mr. Rangel is not available under binding Supreme Court precedent. Additionally, the Court concludes that the issue of joinder is not properly presented nor procedurally before the Court; thus, the Court declines to address that issue.

---

Amended Petition at [Doc. No. 52-1]. Ms. Stanton asserts a negligence claim against Mr. Rangel (Rangel Javier) and the other named defendants therein arising from the same multi-vehicle collision on March 18, 2025. She alleges that "some or all the Defendants negligently drove their vehicles, causing a collision with [her] vehicle or causing other vehicles to collide with [her] vehicle, resulting in serious personal injuries to [her]." *See* [Doc. No. 52-1 at 4]. Ms. Stanton was allegedly driving a 2000 Chevrolet Silverado. *Id.* at 1.

II.    <u>**ANALYSIS**</u>

In exceptional circumstances, a federal court may decline to exercise its "virtually unflagging obligation" to exercise federal jurisdiction, in deference to a pending, parallel state proceeding. *Colo. River*, 424 U.S. at 817–18. Such a decision "rest[s] on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817 (internal quotation marks and alteration omitted). The decision "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

A two-step inquiry governs whether a court should abstain from exercising its jurisdiction under the *Colorado River* doctrine. First, the Court must determine whether the state and federal proceedings are parallel. *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994). If the Court finds the proceedings are parallel, it must then determine whether "exceptional circumstances" exist to warrant abstention. *Id.* at 1082.

A.    **The state and federal proceedings are not parallel.**

Actions are parallel if they involve "substantially the same parties litigat[ing] substantially the same issues in different forums." *Id.* at 1081 (citation omitted). In making this determination, courts should "examine the state proceedings *as they actually exist* to determine whether they are parallel to the federal proceedings." *Id.* (emphasis in original). The Court should "resolv[e] any doubt 'in favor of exercising federal

jurisdiction.'" *Allen v. Bd. of Educ., Unified Sch. Dist. 436*, 68 F.3d 401, 403 (10th Cir. 1995) (quoting *Fox*, 16 F.3d at 1082).

Examining the state action involving Ms. Stanton as it stands now, it is not a parallel proceeding duplicative of this federal action. Ms. Stanton filed an Amended Petition on September 10, 2025, [*see* Doc. No. 52-1], which names One, LLC, Mercier, Kaycee Wesson, Mr. Rangel, Michael Lay, and Big Black Eagle, LLC, as defendants. She alleges a negligence claim against those parties and negligent entrustment against One, LLC, and Big Black Eagle, LLC. *See id.* Mr. Rangel filed his Answer to Ms. Stanton's Amended Petition on September 29, 2025.[4] He does not assert any counterclaims in his Answer. By contrast, in this federal action, Mr. Rangel asserts negligence and negligence per se claims against Mercier; respondeat superior and negligent hiring, training, supervision, and retention claims against One, LLC, and Big Black Eagle, LLC; negligent entrustment and negligence in inspection, maintenance, and repair claims against One, LLC, Big Black Eagle, LLC, and Ryder; and negligence of shipper in selection and authorization of motor carrier and driver against Defendant John Doe Company. The claims in this case are not pending in Ms. Stanton's case.

Mr. Rangel's reliance on Judge Palk's order in *Stewart v. J.B. Hunt Transport, Inc.*, CIV-24-1044-SLP, 2025 WL 2470095 (W.D. Okla. Aug. 27, 2025), is unavailing. Unlike *Stewart*, where the same claims were pending in state court, the claims here differ,

---

[4] The Court takes judicial notice of the docket report and the public filings in Oklahoma County District Court Case No. CJ-2025-5881 on the Oklahoma State Courts Network, available at http://www.oscn.net.

and the relief sought is not the same. Although Ms. Stanton's state action and this instant federal action arise from the same underlying accident, the parties are not, at least at this stage, litigating the same issues. Mr. Rangel's "personal rights, as asserted in [his Second Amended Complaint here], are not now protected in state proceedings." *McLaughlin v. United Virginia Bank*, 955 F.2d 930, 935 (4th Cir. 1992) (concluding that the federal court action was not totally duplicative of the pending state court actions to warrant abstention under the *Colorado River* doctrine). Moreover, in *Stewart*, the defendant admitted that, but for removal, the federal and state cases would have been consolidated and that the third-party petition in state court mirrored the federal complaint. *Stewart*, 2025 WL 2470095, at *1–3. Accordingly, the actions are not parallel for purposes of *Colorado River* abstention.[5]

### B.    The relief sought by Mr. Rangel is not available under binding Supreme Court precedent.

Although Mr. Rangel cites *Quackenbush* in his reply, he fails to acknowledge that his case is for damages and not a case for equitable or discretionary relief. The Supreme Court has held that where the relief sought is for money damages, a federal court may stay the action under abstention principles but may not dismiss or remand it outright. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996) ("Under our precedents, federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary."). Although

---

[5] This conclusion ends the inquiry, and the Court finds it is unnecessary to address whether exceptional circumstances warrant abstention.

*Quackenbush* concerned *Burford* abstention,[6] the Supreme Court broadly addressed abstention and specifically considered "whether the principles underlying our abstention cases would support the remand or dismissal of a common-law action for damages." 517 U.S. at 719. Writing for the Court, Justice O'Connor explained that the Court has "applied abstention principles to actions 'at law' only to permit a federal court to enter a stay order that *postpones* adjudication of the dispute, not to dismiss the federal suit altogether." *Id.* (emphasis in original). Thus, the Supreme Court has held "where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court." *Id.* at 721. But it has "not held that those principles support the outright dismissal or remand of damages actions." *Id.* at 721, 731.

Here, because Mr. Rangel seeks only money damages, *Quackenbush* makes clear that the Court may stay the action under abstention principles but may not dismiss or remand it.[7] Moreover, a stay—or a temporary pause or postponement of the action—

---

[6] *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

[7] Although Mr. Rangel cites *Fox*, 16 F.3d at 1082–83, to support his position that dismissal is an option, *Fox* was decided in 1994, which was pre-*Quackenbush*. Additionally, Mr. Rangel's reliance on *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223 (10th Cir. 2013), is misplaced because the plaintiff there sought an order to compel arbitration, which is considered equitable relief.

would serve no practical purpose where the claims in this case are not pending in the Stanton case, this action was filed first, and the Responding Defendants oppose a stay.

### C.    The Court declines to address joinder.

The issue of joinder is not properly presented nor procedurally before the Court; thus, the Court declines to address that issue. Mr. Rangel has not sought leave to amend his Second Amended Complaint to add Ms. Stanton as a party nor attached a proposed third amended complaint. *See* LCvR15.1 (explaining that a party moving to amend a pleading "must attach the proposed pleading as an exhibit to the motion").

## III.    <u>CONCLUSION</u>

The Court DENIES the Motion to Remand [Doc. No. 52].

IT IS SO ORDERED this 6th of November 2025.


_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE